Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Christina Mowery

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Christina Mowery**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Good Ole Tom Management Company, LLC,** an Arizona limited liability company; **Good Ole Tom Tucson, LLC,** an Arizona limited liability company; **Patricia Futch,** an Arizona resident, and **Tommon Tinney,** an Arizona resident,<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Christina Mowery, for her Verified Complaint against Defendants, hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

(hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.  This action is brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3.  This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff was employed by Defendants in this District.

## PARTIES

7.  At all relevant times to the matters alleged herein, Plaintiff Christina Mowery resided in the District of Arizona.

8.  Plaintiff was a full-time, non-exempt employee of Defendants from in or around November of 2011 until on or about October 3, 2015.

9.  At all relevant times, Plaintiff was an employee of the Defendants as

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. §213(a)(1).

10. Defendant Good Ole Tom Management Company, LLC, is an Arizona limited liability company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11. Defendant Good Ole Tom Tucson, LLC, is an Arizona limited liability company, is authorized to do business in Arizona, and at all relevant times was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

12. Defendant Patricia Futch is an Arizona resident. She has directly caused events to take place giving rise to this action. Patricia Futch is an Owner of Good Ole Tom Management Company, LLC and Good Ole Tom Tucson, LLC.

13. Defendant Tommon Tinney is an Arizona resident. He has directly caused events to take place giving rise to this action. Tommon Tinney is an Owner of Good Ole Tom Management Company, LLC and Good Ole Tom Tucson, LLC.

14. Defendants Tommon Tinney and Patricia Futch are, upon information and belief, husband and wife. They have caused the events to take place giving rise to this action as to which their marital community is fully liable.

15. Under the FLSA, Defendants Patricia Futch and Tommon Tinney are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Patricia Futch and Tommon Tinney are the owners of Owner of Good Ole Tom Management Company, LLC and Good Ole Tom Tucson, LLC. They determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of Good Ole Tom

Management Company, LLC and Good Ole Tom Tucson, LLC in relation to the company's employees, Patricia Futch and Tommon Tinney are subject to individual and personal liability under the FLSA.

16. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

20. Defendants Good Ole Tom Management Company, LLC and Good Ole Tom Tucson, LLC are pawn shop businesses that buy and sell gold, antiques, jewelry, and coins to customers across the country.

21. On or around November 2011, Plaintiff began employment with Defendants as a personal assistant, often performing personal household errands for Defendants.

22. For example, Plaintiff's job duties included tasks such as: cleaning the Defendants' house, washing Defendants' laundry, scheduling routine appointments for Defendants, driving Defendants to various destinations and meetings, preparing breakfast

and lunch for Defendants, scrubbing Defendants' shower/bathtub, loading and unloading upwards of 50 pounds of equipment, inventory, and files, and creating travel arrangements for Defendants' personal vacations.

23. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

24. Plaintiff did not have authority to formulate, affect, interpret, or implement Defendants' management policies or operating practices.

25. Plaintiff did not carry out major assignments in conducting the operations of Defendants' business.

26. Plaintiff did not perform work that affects business operations to a substantial degree.

27. Plaintiff did not have the authority or discretion to commit the Defendants in matters of significant financial importance.

28. Plaintiff did not have authority to waive or otherwise deviate from Defendants' established policies and procedures without prior approval.

29. Plaintiff did not provide consultation or expert advice to management.

30. Plaintiff was not involved in planning long-term or short-term business objectives.

31. Plaintiff did not investigate and/or resolve matters of significance on behalf of Defendants.

32. Plaintiff did not represent Defendants in handling complaints, arbitrating disputes, or resolving grievances.

33. Plaintiff's primary duty was not the management of Defendants in which

she was employed.

34. Plaintiff did not customarily and/or regularly direct work of two or more employees.

35. Plaintiff did not have the authority to hire or fire other employees.

36. From November 2011 until May 2013 Plaintiff was paid a rate of approximately $15.87 per hour.

37. From June 2013 until October 3, 2015 Plaintiff was paid a rate of approximately $19.23 per hour.

38. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

39. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for her overtime hours.

40. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required her to work overtime as a condition of her employment.

41. Plaintiff routinely worked in excess of 70 hours per week and was not paid the premium one and one-half times her regular rate as required under the FLSA for hours worked over 40 hours in a workweek.

42. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

43. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

44. Defendants' failure and/or refusal to compensate Plaintiff at the rates and

amounts required by the FLSA and the Arizona Wage Statute was willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

45.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

47.     Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

48.     Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

49.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

50.      Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

51.     In addition to the amount of unpaid wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

52.      Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe their failure to pay overtime was not a violation of the FLSA.

53.     Defendants have not made a good faith effort to comply with the FLSA.

54. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

55. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

57. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

58. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

59. Defendants failed to timely pay Plaintiff her regular and overtime wages due without a good faith basis for withholding the wages.

60. Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

  ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

       iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 21, 2015.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    8100 E. Indian School Road
    Suite 103
    Scottsdale, AZ 85251
    Attorneys for Plaintiff Christina Mowery

## VERIFICATION

Plaintiff Christina Mowery declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Christina Mowery* (signed)
Christina Mowery