FENNEMORE CRAIG, P.C.
Barney M. Holtzman (No. 016554)
One South Church Avenue
Suite 1000
Tucson, AZ  85701-1627
Telephone:  (520) 879-6800
Email:  bholtzman@fclaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Mowery, an Arizona Resident,<br><br>Plaintiff,<br><br>v.<br><br>Good Ole Tom Management Company, LLC, an Arizona limited liability company; Good Ole Tom Tucson, LLC, an Arizona limited liability company; Patricia Futch, an Arizona resident, and Tommon Tinney, an Arizona resident,<br><br>Defendants. | No. 2:15-cv-02595-JJT<br><br>**VERIFIED ANSWER AND COUNTERCLAIM** |

Comes Now defendants Good Ole Tom Management Company, LLC, Good Ole Tom Tucson, LLC, Patricia Futch, and Tommon Tinney (collectively, "Good Ole Tom's") and for its Answer to Plaintiff's *Verified Complaint* states as follows:

## NATURE OF THE CASE

1.      Insofar as Paragraph 1 calls for a legal conclusion, it requires no answer.  To the extent an answer is required, Good Ole Tom's denies they failed to comply with the FLSA or Arizona's wage payment statutes and denies the allegations in Paragraph 1.

2.      Insofar as Paragraph 2 calls for a legal conclusion, it requires no answer.  To the extent an answer is required, Good Ole Tom's denies the allegations in Paragraph 2.

3.     Insofar as Paragraph 3 calls for a legal conclusion, it requires no answer.  To the extent an answer is required, Good Ole Tom's denies the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.     Good Ole Tom's admits this Court has proper jurisdiction over the subject matter and parties hereto.

5.     Good Ole Tom's admits the allegations in Paragraph 5.

6.     Good Ole Tom's admits the allegations in Paragraph 6.  Good Ole Tom's affirmatively alleges this matter should be transferred to the Tucson Division under LRCiv 77.1(c) and convenience of the parties.

**PARTIES**

7.     Good Ole Tom's admits the allegations in Paragraph 7.  Good Ole Tom's affirmatively alleges plaintiff lives in the Tucson Division.

8.     Good Ole Tom's admits Plaintiff was a full time employee of Good Ole Tom Management Company LLC from or around November of 2011 until or about October 3, 2015.  Good Ole Tom's denies the remaining allegations in Paragraph 8.

9.     Good Ole Tom's admits Plaintiff was an employee as defined in 29 U.S.C. §203(e)(1) and denies the remaining allegations in Paragraph 9.

10.     Good Ole Tom's admits the allegations in Paragraph 10.

11.     Good Ole Tom's admits Good Ole Tom Tucson, LLC is an Arizona limited liability company and denies the allegations in Paragraph 11.

12.     Good Ole Tom's denies the allegations in Paragraph 12.

13.     Good Ole Tom's denies the allegations in Paragraph 13.

14.     Good Ole Tom's admits the allegations in Paragraph 14 but deny plaintiff's cause of action is valid.

15.     The allegations of Paragraph 15 are conclusions of law or statements of law to which no response is necessary, since the law speaks for itself.  To the extent an answer

1    is required, Good Ole Tom's denies the allegations of Paragraph 15.

2        16.    Good Ole Tom's denies the allegations in Paragraph 16.

3        17.    The allegation of Paragraph 17 is a statement to which a response is not

4    necessary.  To the extent a response is required, Good Ole Tom's denies the allegations in

5    Paragraph 17.

6        18.    The allegation of paragraph 18 is a conclusion of law to which a response is

7    not necessary.   To the extent a response is required, Good Ole Tom's denies the

8    allegations in paragraph 18.

9        19.    Good Ole Tom's admits the allegations of Paragraph 19 as they apply to

10   Good Ole Tom Management Company LLC and Good Ole Tom Tucson LLC and denies

11   the remaining allegations of paragraph 19.

12                           **FACTUAL ALLEGATIONS**

13       20.    Good Ole Tom's denies the allegations of paragraph 20.

14       21.    Good Ole Tom's admits plaintiff was hired by Good Ole Tom Management

15   Company LLC as an executive assistant to Patricia Futch and denies the remaining

16   allegations in paragraph 21.

17       22.    Good Ole Tom's admits Plaintiff was executive assistant to Patricia Futch,

18   Owner of Good Ole Tom Management, LLC.  Good Ole Tom's admits Plaintiff's duties

19   included overseeing the family household; hiring, firing and managing the cleaning staff,

20   landscaper and cook, among others; and managing the schedule for Ms. Futch and Mr.

21   Tinney.  Good Ole Tom's denies the remaining allegations in paragraph 22.

22       23.    Good Ole Tom's denies the allegations of paragraph 23.

23       24.    Good Ole Tom's denies the allegations of paragraph 24.

24       25.    Good Ole Tom's denies the allegations of paragraph 25.

25       26.    Good Ole Tom's denies the allegations of paragraph 26.

26       27.    Good Ole Tom's denies the allegations of paragraph 27.

FENNEMORE CRAIG, P.C.
TUCSON

11222522.

28.     Good Ole Tom's denies the allegations of paragraph 28.

29.     Good Ole Tom's denies the allegations of paragraph 29.

30.     Good Ole Tom's denies the allegations of paragraph 30.

31.     Good Ole Tom's denies the allegations of paragraph 31.

32.     Good Ole Tom's denies the allegations of paragraph 32.

33.     Good Ole Tom's denies the allegations of paragraph 33.

34.     Good Ole Tom's denies the allegations of paragraph 34.

35.     Good Ole Tom's denies the allegations of paragraph 35.

36.     Answering paragraph 36, Good Ole Tom's admits plaintiff was paid a salary of $33,000 per year between November 2011 and May 2013 and denies the remaining allegations of paragraph 36.

37.     Answering paragraph 37, Good Ole Tom's admits plaintiff was paid a salary of $40,000 per year between June 2013 and October 3, 2015 and denies the remaining allegations of paragraph 37.

38.     Good Ole Tom's denies the allegations of paragraph 38.

39.     Good Ole Tom's admits plaintiff routinely worked in excess of 40 hours per week and denies the remaining allegations of paragraph 39.

40.     Good Ole Tom's admits they were aware plaintiff routinely worked in excess of 40 hours per week and this was an agreed upon condition of her employment. Good Ole Tom's denies the remaining allegations of paragraph 40.

41.     Good Ole Tom's admits plaintiff was not paid a premium of one and one-half her regular rate and denies the remaining allegations of paragraph 41.

42.     Good Ole Tom's denies the allegations of paragraph 42.

43.     Good Ole Tom's denies the allegations of paragraph 43.

44.     Good Ole Tom's denies the allegations of paragraph 44.

## COUNT I
### (ALLEGED FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. §207)

45.     Good Ole Tom's incorporates by reference its responses above.

46.     Good Ole Tom's admits the allegations of Paragraph 46 as they apply to Good Ole Tom Management Company LLC, Patricia Futch and Tommon Tinney and denies the remaining allegations of paragraph 46.

47.     Good Ole Tom's denies the allegations of paragraph 47.

48.     Good Ole Tom's denies the allegations of paragraph 48.

49.     Good Ole Tom's denies the allegations of paragraph 49.

50.     Good Ole Tom's denies the allegations of paragraph 50.

51.     Good Ole Tom's denies the allegations of paragraph 51.

52.     Good Ole Tom's denies the allegations of paragraph 52.

53.     Good Ole Tom's denies the allegations of paragraph 53.

54.     Good Ole Tom's denies the allegations of paragraph 54.

## COUNT II
### (ALLEGED FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

55.     Good Ole Tom's incorporates by reference its responses above.

56.     Good Ole Tom's admits the allegations of Paragraph 56 as they apply to Good Ole Tom Management Company LLC and denies the remaining allegations of paragraph 56.

57.     Good Ole Tom's admits the allegations of paragraph 57.

58.     Good Ole Tom's admits the allegations of paragraph 58.

59.     Good Ole Tom's denies the allegations of paragraph 59.

60.     Good Ole Tom's denies the allegations of paragraph 60.

61.     Good Ole Tom's denies all allegations of the *Verified Complaint* not expressly admitted herein.

1          AFFIRMATIVE DEFENSES

2          As affirmative defenses to the allegations contained in the *Verified Complaint*, and

3    upon information and belief, Good Ole Tom's states as follows:

4          A.     Plaintiff fails to state a claim, in whole or in part, upon which relief can be

5    granted against Good Ole Tom's.

6          B.     Plaintiff was an exempt employee to whom no overtime compensation is

7    required.

8          C.     Plaintiff's claim, in part, is beyond the statute of limitations for a claim

9    under the FLSA.  29 U.S.C. §255(a)

10         D.     If Plaintiff is entitled to overtime compensation, Plaintiff has been paid all

11   of the straight time she worked and is due only half-time for all hours she worked over 40.

12         E.     If Plaintiff is entitled to overtime compensation, Good Ole Tom's neither

13   knew nor showed reckless disregard for whether Plaintiff was entitled to overtime

14   compensation.

15         F.     Venue of this action is inappropriate in the Phoenix Division of this District

16   as all actions and all parties are located in the Tucson Division.

17         G.     Good Ole Tom's is without knowledge as to which, if any, additional

18   affirmative defenses may be supported by the facts developed through discovery and,

19   rather than waive same, Good Ole Tom's reserves the right to amend their answer to the

20   Verified Complaint at a later time to assert any matter constituting an avoidance or

21   affirmative defense, including, without limitation, those matters set forth in Rule 8(c),

22   Fed.R.Civ.P.

23         WHEREFORE, Good Ole Tom's requests that judgment be entered in its favor and

24   against Plaintiff, that Plaintiff's Verified Complaint be dismissed with prejudice, that

25   Plaintiff take nothing thereby, that Good Ole Tom's be awarded its reasonable costs

26   incurred herein and that the Court order such other and further relief as it deems just and

proper.

## COUNTERCLAIMS BY COUNTERCLAIMANTS

Counterclaimant Good Ole Tom Management Company, LLC ("GOTMC") and Patricia Futch and Tommon Tinney ("Futch/Tinney") counterclaim against counterdefendants Christina Mowery ("Mowery") as follows:

### JURISDICTION AND VENUE

1.    GOTMC is an Arizona limited liability company authorized to do and doing business in Pima County, Arizona, with its principal place of business in Pima County, Arizona.

2.    Futch/Tinney are residents of Florida.

3.    Counterdefendant Mowery is unmarried and a resident of Pima County, Arizona.

4.    The Court has jurisdiction over the compulsory Counterclaim due to its proper jurisdiction over the plaintiff's Verified Complaint and venue in this District is proper for those same reasons, although this action should be in the Tucson Division.

### FACTUAL BACKGROUND

5.    Mowery was employed by GOTMC as the executive assistant to GOTMC's manager Futch, including overseeing the family household; hiring, firing and managing the cleaning staff, landscaper and cook, among others; and managing the schedule for Ms. Futch and Mr. Tinney.

6.    One of Mowery's responsibilities as executive assistant was to maintain records of her actions on behalf of GOTMC and other business records of GOTMC.

7.    As a result of her position, Mowery was provided a company credit card to pay business expenses and was required to keep records from her card.

8.     As a result of her position, Mowery was provided a computer to use in furtherance of the business and her position.  The computer remained GOTMC's property.

9.     As a result of her position, Mowery was provided a car by GOTMC.  The car remained the property of GOTMC.  One condition of her receiving a car was that she not smoke while in the vehicle.

10.     After Mowery quit without notice, GOTMC learned Mowery had taken or destroyed GOTMC's business records, whether hard copies or computer files.  Mowery also wiped the hard drive of the computer she used so that GOTMC could not recover records and files from the computer.

11.     After her resignation, GOTMC learned Mowery had smoked in the car.  As a result, GOTMC incurred additional expense attempting to get the smoke smell from the car and eventually had to sell the car at a reduced rate due to the smell.

12.     During her employment with GOTMC, Mowery needed to hire a lawyer and asked Futch/Tinney to loan her money to pay for the lawyer's services.  Futch/Tinney agreed.  Mowery has not repaid Futch/Tinney $3,500.

13.     During her employment with GOTMC, Mowery needed money to pay for her daughter's wedding and asked Futch/Tinney to loan her money.  Futch/Tinney agreed. Mowery has not repaid Futch/Tinney $500.

## FIRST CLAIM FOR RELIEF

(Conversion)

14.     GOTMC realleges and incorporates by reference each and every allegation in the preceding paragraphs.

15.     GOTMC owned and had a right to the use of its business records during and after Mowery's employment with GOTMC.

16.     As a result of Mowery's destruction or theft of GOTMC's business records, including wiping the computer she used, GOTMC lost its right to possession and use of

the business records.

17.     As a proximate result of Mowery's destruction or theft of GOTMC's business records, GOTMC has been damaged.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

18.     GOTMC realleges and incorporates by reference each and every allegation in the preceding paragraphs.

19.     A contractual relationship existed between GOTMC and Mowery with regard to GOTMC providing her a car in exchange for, among others, her promise not to smoke in the vehicle.

20.     Mowery breached the agreement by smoking in the vehicle.

21.     As a result of Mowery's breach, GOTMC has suffered damages, including the cost to clean the vehicle and the decreased value of the vehicle.

22.     This action arises out of contract.  Pursuant to A.R.S. §§ 12-341.01 and 12-341, GOTMC is entitled to its attorneys' fees and costs incurred in this action.

## THIRD CLAIM FOR RELIEF

(Breach of Contract)

23.     Futch/Tinney realleges and incorporate by reference each and every allegation in the preceding paragraphs.

24.     A contractual relationship existed between Futch/Tinney and Mowery with regard to Futch/Tinney loaning Mowery money to pay for an attorney and for her daughter's wedding.

25.     Mowery breached the agreement by failing to repay the money.

26.     As a result of Mowery's breach, GOTMC has suffered damages in the amount of $4,000.

27.     This action arises out of contract.  Pursuant to A.R.S. §§ 12-341.01 and 12-

341, Futch/Tinney are entitled to their attorneys' fees and costs incurred in this action.

WHEREFORE, GOTMC and Futch/Tinney request that judgment be entered in their favor and against Plaintiff, as follows:

A.      Damages to GOTMC for plaintiff's conversion of GOTMC's business records for an amount to be proven at trial;

B.      Four thousand dollars to Futch/Tinney for plaintiff's breach of contract;

C.      Prejudgment and post judgment interest on the principal amount owed by plaintiff to Futch/Tinney.

D.      Reasonable attorneys' fees and costs pursuant to A.R.S. §§12-341 and -341.01; and

E.      Other relief as the Court deems just and appropriate.

DATED this 19th day of January 2016.


FENNEMORE CRAIG, P.C.


By /s/ Barney M. Holtzman
       Barney M. Holtzman
       Attorneys for Defendants

1

2                    **CERTIFICATE OF SERVICE**

3          I hereby certify that on January 19, 2016, I electronically transmitted the attached

4    document to the Clerk's Office using the CM/ECF system for filing and transmittal of the

5    Electronic Filing to the following CM/ECF registrant:

6

7    Michael Zoldan
     Jason Barrat
8    Jessica Miller
     ZOLDAN LAW GROUP, PLLC
9    8100 E. Indian School Road, Suite 103
     Scottsdale, AZ  85251
10   Email: mzoldan@zoldangroup.com
11          jbarrat@zoldangroup.com
            jmiller@zoldangroup.com
12   *Attorneys for Plaintiff*

13

14   */s/ Amber Pherigo*
     An employee of Fennemore Craig , P.C.
15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8
9
10

**VERIFICATION**

Kevin Futch, being first duly sworn, on oath, deposes and says:

1.      I am the Chief Operating Officer of Good Ole Tom Management Company,
        LLC;

2.      Defendant Patricia Futch is my mother and defendant Tommon Tinney is
        my step-father; and

3.      I know the facts of the case; I execute this Verification of my own free will,
        I have read the foregoing ***Verified Answer and Counterclaim to the***
        ***Verified Complaint*** and am familiar with the contents thereof; the same are
        true, in substance and in fact, except those made on information and belief,
        which are believed to be true.

_____

Kevin Futch, COO
Good Ole Tom Management Company, LLC